# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES DAVENPORT | CIVIL ACTION NO. 24-95-P |
| VERSUS | JUDGE DOUGHTY |
| CADDO CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Charles Davenport ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 19, 2024. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names the Caddo Correctional Center, Lt. Walker, Sgt. Richardson, DHA, and SIU as defendants.

Plaintiff claims that on June 14, 2023, he was assaulted by an inmate. He suffered physical and emotional harm.

Plaintiff claims the Caddo Correctional Center charged him with two types of discipline for attempting to protect himself. He was placed in the behavioral management unit and charged with simple battery.

Plaintiff claims these situations do not normally result in additional state charges. He feels he is being discriminated against because he is African American, and the other inmate is Caucasian.

Accordingly, Plaintiff seeks pecuniary, nonpecuniary, and compensatory damages, any other relief to which he is entitled, and he challenges all pending and future charges.

## LAW AND ANALYSIS

### Improper Defendants

Plaintiff names the Caddo Correctional Center as a defendant.  The Caddo Correctional Center is not an entity capable of being sued.  It is merely a building and grounds owned by the sheriff.  See Robertson v. Detention Center Claiborne Parish, 2009 WL 3241561 (W.D.La.2009) ("It is well established that a detention center is not a legal entity capable of being sued.").

Plaintiff also names HOA and SIU as defendants.  These are simply descriptions of a group of employees, which may not be sued or served in that fashion.  Johnson v. Prator, 2016 WL 9528076, (W.D. La. 2016); Ferguson v. Prator, 2014 WL 2465534, (W.D. La. 2014) ("The Medical Administration Caddo Correctional Center, named in the complaint, is also not a separate legal entity.").

Accordingly, Plaintiff's claims against the Caddo Correctional Center, HOA, and SIU should be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted.

**Failure to Protect**

Plaintiff claims he was assaulted by another inmate, and he suffered physical and emotional harm.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged inmate violence is the Eighth Amendment prohibition against cruel and unusual punishment.   Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

"It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials."  Farmer, 114 S.Ct. at 1977. Instead, to prevail on a claim based on a failure to protect, the inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the inmate's health and safety. Id. at 1977-78.  The test for deliberate indifference is a subjective one.  Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 1979.

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference. Plaintiff does not allege that prison officials were aware of any excessive risk.  In fact,

Plaintiff has failed to allege that he was attacked by an inmate that made threats against him.  As such, Plaintiff has not shown that Defendants disregarded a risk to his safety by failing to take reasonable measures to abate it.  <u>Farmer</u>, 114 S.Ct. 1970.  Accordingly, the actions on the part of the prison officials do not evidence an attitude of deliberate indifference.

Accordingly, Plaintiff's failure to protect claim should be dismissed with prejudice as frivolous.

**Discrimination**

Plaintiff claims he was charged in both the prison disciplinary process and the state court system for attempting to protect himself.  He claims these situations do not normally result in state charges in addition to prison disciplinary charges.   He feels he was discriminated against because he is African American, and the other inmate is Caucasian.

To prove a cause of action under Section 1983, Plaintiff must demonstrate that prison officials acted with a discriminatory purpose.  <u>Woods v. Edwards</u>, 51 F.3d 577 (5th Cir. 1995).  "Discriminatory purpose in an equal protection context implies that the decision maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group."  <u>Id</u>., citing <u>United States v. Galloway</u>, 951 F.2d 64, 65 (5th Cir. 1992).  "A prisoner must show that the prison official acted with a discriminatory purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination.  Vague and conclusory allegations [of discrimination] are insufficient to raise an equal protection claim."  <u>Jebril v. Joslin</u>, No. C–07–436, 2008 WL 416240, at 8 (S.D.Tex. Feb.12, 2008)

(citing Woods v. Edwards, 51 F.3d 577, 580 (5th Cir.1995); United States v. Galloway, 951 F.2d 64, 65 (5th Cir.1992).

Plaintiff has failed to allege a discriminatory purpose. He claims only that he feels he was charged in both the prison discipline process and the state criminal process because he is African American, and the other inmate is Caucasian. Plaintiff rests his claim only on his personal belief that discrimination played a role in his charges.

Accordingly, Plaintiff has failed to allege a viable equal protection claim and this claim should be dismissed as frivolous.

**Classification Claims**

Plaintiff claims that after the incident, he was placed in the behavioral management unit.

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir.1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord. 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir.1983)). Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline, and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not

create constitutionally protected liberty interests." <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir.1995) (citing <u>Meachum v. Fano</u>, 427 U.S. 215, 299 n. 8, 96 S.Ct. 2532, 2540 n. 8 (1976)).

Accordingly, Plaintiff's claims regarding his classification are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Simple Battery Charge**

Plaintiff claims he was charged in state court proceedings with simple battery in addition to being charged in prison disciplinary proceedings. The decision to bring criminal charges against an individual rests solely with the state prosecutor and not prison officials. <u>See</u> <u>Wilson v. Longino</u>, 2009 WL 1076684 (W.D. La. 2009).

Plaintiff fails to name the District Attorney as a defendant in this action, but even if he did name the District Attorney as a defendant, he would fail to state a claim against him. Prosecutors have absolute immunity when acting in a quasi-judicial mode. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); <u>Geter v. Fortenberry</u>, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. <u>Geter</u>, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. <u>Elliot v. Perez</u>, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." <u>Id</u>. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney, as a quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties.

Accordingly, Plaintiff's civil rights claims regarding being charged in state court proceedings with simple battery should be dismissed with prejudice as frivolous.

**Habeas Corpus Claims**

Plaintiff also seeks to challenge all pending and future charges.  Such relief is not available in a civil rights action. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action, and, since in this instance Plaintiff attacks the lawfulness of the pending and future prison disciplinary and state criminal charges, his remedy, if any, is afforded by 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir.1998); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'  Pretrial petitions are properly brought under § 2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and Robinson v. Wade, 686 F.2d 298, 302–03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. § 2241(c)(3), allowing the writ of habeas corpus to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. § 2254(a), which requires that custody be 'pursuant to the judgment of a state court.' ")

The jurisprudence requires persons seeking such relief pursuant to § 2241 to first exhaust state court remedies before seeking federal intervention. <u>Dickerson</u>, 816 F.2d at 224–225; <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489–90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); <u>Robinson v. Wade</u>, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Plaintiff seeks dismissal of all pending and future charges and as shown above, that relief is not available in a civil rights action. To the extent Plaintiff seeks the dismissal of the pending and future charges, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  <u>See</u> 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  <u>See</u> <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED** as frivolous and for failing to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 22nd day of November, 2024.

Mark L. Hornsby
U.S. Magistrate Judge